UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIO O'BRIEN WESTBROOK                           CIVIL ACTION

VERSUS                                            NO. 14-2546

ORLEANS PARISH D.A.                               SECTION "H" (2)
CANNIZZARO ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Mario O'Brien Westbrook, is a prisoner currently incarcerated in the Orleans Parish Prison system ("OPP").  He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Orleans Parish District Attorney Leon Cannizzaro and "his agents and employees."  Westbrook alleges that agents conducted an illegal search and seizure without a warrant after his arrest and he is being prosecuted without probable cause.  Record Doc. No. 1, Complaint at ¶ IV (attached pages).

Plaintiff's complaint states in pertinent part the following:

On Thursday June 12, 2014 U.S. Marshal Agents Pat Digiovanni, Bo Bessinger, and Brian Elensohn as well as New Orleans Police Jason Samuel violated the plaintiff's 4th Amendment U.S. Constitutional Right to/against unlawful searches and seizures.

On Thursday June 12, 2014 U.S. Marshal Fugitive Task Force had an arrest warrant for the plaintiff (Item #E-23188-14) and had set up surveilance (sic) in view of apartment . . . where the agents allegedly had information that the plaintiff was possibly staying.

As the plaintiff was walking through the courtyard . . . [,] U.S. Marshal's Fugitive Task Force arrested the plaintiff approx. 100 yds. away from [the apartment].

After the plaintiff was arrested in the courtyard U.S. Task Force agents Pat Digiovanni and Bo Bessinger went back to the apartment/address they allegedly saw the plaintiff exit (the plaintiff's sister['s] home) and without consent exigent circumstances or search warrant gained entry into the apartment by force of pushing their way through the door when the plaintiff's sister answered their knock on the door by opening it.

Once inside the apartment the U.S. Marshal agents went into a room that was allegedly belonging to the plaintiff. . . . [and] allegedly observed a black semi-automatic handgun lying in plain view on the floor and a clear plastic bag of green vegetable matter (marijuana) next to some tennis shoes. At this time the U.S. Marshals Agents elected to back out of the room of the apartment and contacted Orleans Police Detective Jason Samuel. . . . Det. Samuel arrived on the scene of arrest and . . . elected to leave and obtain a search warrant for the apartment for any further firearms.

After receiving the search warrant Det. Samuel re-entered the room where they (U.S. Marshals) originally allegedly observed the contraband and commenced to seize a [1] Black Chicago ball cap [2] Marijuana that was on the floor [3] Marijana (sic) that was located in a child's jacket inside the closet [4] the semi-automatic handgun [5] the extra magazine to the gun.

[Plaintiff was] [u]ltimately charg[ed] and prosecut[ed] . . . without probable cause on the charges of: [1] Possession with intent to distribute a Schedule 1 dangerous substance to wit marijuana [2] Possession of a firearm while in possession of a C.D.S. [3] Convicted felon in possession of a firearm[,] [d]isregarding the fact that the plaintiff was arrested approx. 100 yards away from the apartment leased to plaintiff's sister[,] which made all alleged evidence seized fruits of the poisonous tree.

. . .

Orleans Parish District Attorney Leon Cannizzaro and his agent and employee that is directly prosecuting the case against the plaintiff know [that] all the evidence being used against him are fruits of the poisonous (sic) tree, but still choose to maliciously prosecute the case against [him.]

Id. (Complaint, ¶ IV at attached pages 6-9, 15).

In the relief portion of his complaint, plaintiff requests that the court "[a]ssume jurisdiction" and set a prompt hearing; grant a restraining order and enter a preliminary injunction restraining or enjoining "defendant . . . and all others persons acting in concert with him from prosecuting plaintiff;" [e]nter a final judgment declaring that defendant's prosecution of plaintiff . . . violates his rights under the Fourth Amendment of the U.S. Constitution; "[t]ax the cost of this action against defendant;" [a]ward plaintiff attorney

fees; and "[g]rant any further, different, or alternative relief to which the plaintiff[] may be entitled . . . ." Id. (Complaint, ¶ V at attached pages 17-18).

## ANALYSIS

I.    STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not."  Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).  An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint must be dismissed under 28 U.S.C. § 1915(e) as legally frivolous because it is barred under applicable United States Supreme Court law.  In addition, the habeas corpus aspects of plaintiff's claim should be dismissed without prejudice.

II.     PROSECUTORIAL IMMUNITY

Orleans Parish District Attorney Leon Cannizzaro and "his agents and employees" have been named as defendants in this case based solely upon their actions as prosecutors in connection with pending state court criminal proceedings against Westbrook. To the

4

extent that Westbrook asserts claims against these defendants in their individual capacity, they are immune from suit, and their motion to dismiss must be granted.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); accord Hill v. City of Seven Points, 31 Fed. Appx. 835, 2002 WL 243261, at *10 (5th Cir. 2002); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Quinn v. Roach, 326 Fed. Appx. 280, 2009 WL 1181072, at *9 (5th Cir. 2009); Hill, 2002 WL 243261, at *10. This immunity applies to a prosecutor's actions in "initiating prosecution and carrying [a] criminal case through the judicial process." Id. (quotation omitted); accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993); Quinn, 2009 WL 1181072, at *9.

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)); accord Quinn, 2009 WL 1181072, at *9; Hill, 2002 WL 243261, at *10. "A prosecutor's absolute immunity will not be stripped

because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999), abrogated in part on other grounds by Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (quotation omitted); accord Champluvier v. Couch, 309 Fed. Appx. 902, 2009 WL 320829, at *1 (5th Cir. 2009); Hill, 2002 WL 243261, at *10.

In the instant case, the actions of the district attorney and his assistants in his office concerning criminal charges against Westbrook in Orleans Parish form the exclusive basis of plaintiff's claims against them. The district attorney's actions in initiating and pursuing the prosecution of Westbrook fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability. Plaintiff has failed to allege any actions in which the district attorney or his assistants were functioning outside the scope of prosecutorial immunity. Therefore, all damages claims, if any, against these defendants in their individual capacity must be dismissed.

However, while prosecutors enjoy absolute immunity from damages liability, they are not immune from Section 1983 suits seeking injunctive relief.  Supreme Ct. v. Consumers Union of U.S., Inc., 446 U.S. 719, 736-37 (1980) (citing Gerstein v. Pugh, 420 U.S. 103 (1975)).  In this case, Westbrook seeks monetary and injunctive relief concerning the charges against him.

Thus, the prosecutors are not immune from the injunctive relief sought in the complaint. However, all of plaintiff's claims against the district attorney and his assistants are subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under Heck v. Humphrey, 512 U.S. 477 (1994).

III.   HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

Read broadly, Westbrook's complaint seeks declaratory, injunctive and monetary relief arising from alleged constitutional deficiencies in his state court arrest, imprisonment and ongoing criminal prosecution. All such claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

7

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present arrest and confinement. Heck, 512 U.S. at 479 (convicted prisoner's Section 1983 action for damages barred because it challenged the conduct of state officials who allegedly "'had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial."); Ruiz v. Hofbauer, 325 F. App'x 427, 431 (6th Cir. 2009), cert. denied, 130 S. Ct. 413 (2009) (Section 1983 claims were barred when convicted inmate alleged that defendants violated his civil rights "to maliciously prosecute plaintiff by tampering with 'Brady exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold it from palintiff [sic] during the course of the malicious prosecution."); White v. Fox, 294 F. App'x 955, 958 (5th Cir. 2008) ("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on

8

those charges."); <u>Penley v. Collin County</u>, 446 F.3d 572, 573 (5th Cir. 2006) ("To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned.").

Westbrook's complaint indicates that he was arrested on June 12, 2014, and that at the time of filing this complaint, he was in custody in OPP. Record Doc. No. 1 (Complaint at ¶ III(A), p. 3; ¶ IV, p. 6). Neither his arrest nor his resulting confinement have been set aside in any of the ways described in <u>Heck</u>. Thus, any claims for relief that he asserts, undermining his current confinement, are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

IV.   <u>HABEAS CORPUS CLAIMS</u>

As noted above, Westbrook's complaint in part challenges the very fact and duration of his current confinement. Although his complaint is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, he clearly challenges the validity of his present confinement and seeks his release. This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Westbrook filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial

equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . .  This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal  application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420).   A court may notice sua sponte the lack of exhaustion.  McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Westbrook does not allege and there is no proof that he has exhausted his state court remedies in connection with his present incarceration. Furthermore, research by staff of the undersigned magistrate judge with the Louisiana Supreme Court clerk's office indicates that Westbrook has not sought review of the validity of his current pre-trial detention in the Louisiana Supreme Court. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to allow him to pursue state court remedies concerning his current arrest and confinement, before returning to this court with a properly filed habeas corpus petition after he has exhausted his state court remedies.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous under 28 U.S.C. § 1915(e)(2) or under Heck's

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in plaintiff's 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to Westbrook's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___2nd___ day of March, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.